999 F.2d 540
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Paul D. HOPKINS; Cheryl D. Hopkins, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 92-2149.
 United States Court of Appeals, Sixth Circuit.
 July 6, 1993.
 
 Before NELSON and SUHRHEINRICH, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 Petitioners appeal from the Tax Court's decision that they are liable for deficiencies and penalties for the 1985 tax year resulting from an investment in a tax shelter that lacked economic substance. Both parties have expressly waived oral argument. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Petitioners contend that they are entitled to a deduction under I.R.C. § 165(c)(2), that additions to tax under I.R.C. § 6653(a) are improper, that an addition to tax under § 6659 was improper, and that interest computed pursuant to I.R.C. § 6621(c) was improper. The same arguments were rejected by a panel of this court in a case involving the same tax shelter in Illes v. Commissioner, 982 F.2d 163 (6th Cir.1992) (per curiam), cert. denied, 113 S.Ct. 1579 (1993). Accordingly, the decision of the Tax Court will be affirmed for the reasons stated in Illes.
 
 
 3
 Petitioners' claim that a deduction under I.R.C. § 165(c)(2) is warranted is meritless because petitioners stipulated before trial that the tax shelter lacked economic substance. See Rose v. Commissioner, 868 F.2d 851, 853 (6th Cir.1989); Mahoney v. Commissioner, 808 F.2d 1219, 1220 (6th Cir.1987). Petitioners' claim that penalties pursuant to I.R.C. § 6653(a) are unwarranted lacks merit because petitioners cannot show that the Tax Court's finding that petitioners were negligent is clearly erroneous. See Leuhsler v. Commissioner, 963 F.2d 907, 910-11 (6th Cir.1992). The addition to tax pursuant to I.R.C. § 6659 was likewise appropriate. See Massengill v. Commissioner, 876 F.2d 616, 619-20 (8th Cir.1989). Finally, the interest assessed at 120% pursuant to I.R.C. § 6621(c) was proper. Section 6621(c)'s increased interest rate applies to "[a]ny deduction disallowed for any period under § 165(c)(2), relating to any transaction not entered into for profit." 26 C.F.R. § 310.6621-2T (temporary IRS regulation, published at 49 FR 50391 (Dec. 28, 1984)).
 
 
 4
 Therefore, the judgment of the Tax Court is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.